# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

MATTHEW T. ESTES,                          )
                                           )
        Plaintiff,                )
                                           )
v.                                         )      No. 1:24-CV-00120 CDP
                                           )
MISSOURI COURT OF APPEALS, et al.,         )
                                           )
        Defendants.               )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the motion of plaintiff Matthew Estes, an inmate at Eastern Reception Diagnostic and Correctional Center (ERDCC), for leave to commence this civil action without prepaying fees or costs. [ECF No. 2] The Court will grant the motion and assess an initial partial filing fee of $32.59. Furthermore, after reviewing the pleadings in this matter, the Court will dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for joinder of additional plaintiffs will be denied, as will his motion for appointment of counsel. [ECF Nos. 5 and 4].

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

A review of plaintiff's account from the relevant six-month period indicates an average monthly deposit of $103.45 and an average monthly balance of $156.72. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $32.59, which is 20 percent of plaintiff's average monthly balance.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

2

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Matthew Estes, an inmate at ERDCC, is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983 against nineteen (19) defendants: (1) the Missouri Court of Appeals; (2) Eric Schmitt (Attorney General); (3) Karen Kramer (Public Defender); (4) Robert Mayer (Judge); (5) John Spielman (Judge); (6) Joe Satterfield (Judge); (7) Paula Gargus (County Clerk); (8) Jeffrey McCormick (Prosecutor); (9) Nicholas Jain (Prosecutor); (10) Dunklin County Court's 35th Judicial Circuit; (11) Kennett Police Department; (12) Tim Trowbridge (Kennett Police Officer); (13) Johnny Higgins (Kennett Police Officer);[1] (14) Chris Faulkner (Kennett Police Officer); (15) Brandon Moore (Kennett Police Officer); (16) Dunklin County Sheriff's Department; (17) Bob Holder (Dunklin County Sheriff); (18) Aaron Waynick (Deputy Sheriff, Dunklin County); and (19) "Other Individuals Responsible." [ECF No. 1]. Plaintiff is pursuing claims for "corruption, cruel and unusual punishment, neglecting duties," and violations of his First, Sixth and Fourteenth Amendment rights. *Id.* Plaintiff is additionally pursuing claims under the Missouri Constitution.

---

[1] Although this defendant was identified in plaintiff's complaint as Chris Higgins, in plaintiff's motion to correct his complaint, ECF No. 8, he indicates that defendant's first name is Johnny Higgins. He seeks to have the docket corrected. The Court will grant his request and instruct the Clerk to update the docket.

Plaintiff has not indicated the capacity under which he is suing defendants. Because plaintiff is silent as to the capacity he is suing defendants, official capacity must be presumed. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity").

Because the majority of the claims in plaintiff's complaint are time-barred,[2] the Court will not recount the claims in great detail. Rather, the time-barred claims – those arising prior to June 13, 2019 - will be merely summarized here for the sake of brevity. For example, plaintiff alleges the following time-barred claims in his complaint: (1) that in in March of 2014, Kennett Police Officer Brandon Moore was "biased" and charged him with a crime for which he was later found not guilty; (2) that in December of 2015, Deputy Aaron Waynick charged him with the crime of domestic assault for which he was found not guilty;[3] (3) that Sheriff Bob Holder, Prosecutor Jeffrey McCormick and Judge Robert Mayer caused him emotional distress the day before his criminal

---

[2]While there is no statute of limitations contained within 42 U.S.C. § 1983, the Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). *See also Anderson v. City of Minneapolis*, 934 F.3d 876, 880 (8th Cir. 2019) (determining that statute of limitations for § 1983 case arising in Minnesota "comes from the state's personal injury statute"). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.,* 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Although plaintiff signed his complaint on June 12, 2024, he did not indicate the date he placed it in the prison mailing system at ERDCC. Nonetheless, the postmark on his envelope indicates it was mailed from ERDCC on June 13, 2024. Accordingly, any claims brought by plaintiff arising five (5) years prior to this date, or before June 13, 2019, are time-barred.

[3]As set forth below, however, plaintiff was found guilty of misdemeanor domestic assault in Dunklin County Court on July 18, 2017. That crime was investigated by Deputy Waynick after it arose in December of 2015.

trial in August of 2018, by telling him falsely that his daughter was missing; (4) that Sheriff Bob Holder took advantage of him by putting him to work for Dunklin County, for free, during his incarceration between August of 2017 and September of 2018, where he took on such tasks as installing cages in county vehicles and performing maintenance for the county; (5) that Judges Satterfield, Mayer and Spielman neglected their duties as Missouri Circuit Court Judges during his criminal proceedings between 2016 and 2019 and "committed misconduct" toward plaintiff during court hearings and court procedures; (6) that he was "assaulted" by Officer Chris Faulkner during a police interview on or about April 27, 2016; (7) that members of the Kennett Police Department, including defendants Tim Trowbridge, Chris Faulkner and Johnny Higgins - were "biased" and "ignored" his statements in a police interview in April of 2016, that could have shown he was not guilty of the crime for which he was accused; (8) that Kennett Police Officers Tim Trowbridge and Johnny Higgins purposely turned the video in the interview room on and off to manipulate evidence; (9) that Police Officer Tim Trowbridge broke into his home on April 27, 2016, without a warrant, and illegally searched the home and tampered with evidence; (10) that generally, the Kennett Police Department and the Dunklin County Sheriff's Department are "corrupt" and violate citizens' rights, as he found out in 2016; (11) that Missouri Public Defender Mary Tucka, (who is not a named defendant in this lawsuit), refused to pay for transcripts for evidentiary hearings in November of 2016; (12) that Missouri Public Defender Peter Weinmann, who is not a named defendant in this lawsuit, lied to him a case in which he was appointed to represent him prior to July of 2017; (13) that Judge Robert Mayer acted corrupt in presiding over his criminal action in 2016; and (14) that Missouri Public Defender Leslie Hazel, who is not a named defendant in this lawsuit, lied to him in August of 2018 to keep him off the stand.

Plaintiff's remaining claims in his complaint are conclusory and lack a factual basis for relief. He claims, for instance that Judge Mayer committed corruption during his criminal proceeding in December of 2021. He asserts that Judge Spielman, in June of 2020, kept he and his girlfriend out of his courtroom after they were five minutes late to court, and as a result, they lost their rental home.

Plaintiff accuses his prior defense counsel, William Butler, Justin Arentsen, Christian Lehmbery, Jedd Schneider and Christopher Janvier, of failing to properly represent him in his prior criminal actions and/or appellate cases. These individuals are not named as defendants in this lawsuit, and plaintiff fails to set forth specific facts in his complaint against each of these individuals.

Plaintiff alleges that Prosecutor Nicholas Jain was somehow biased and corrupt because at the same time as he was prosecuting him in his criminal case, Jain was defending himself on a Driving While Intoxicated (DWI) charge in 2021 and 2022. Plaintiff believes Jain should not have been able to prosecute him while undergoing his own criminal proceeding.

Plaintiff also states in a conclusory manner, that the Clerk of the Circuit Court of Dunklin County, Paula Gargas, manipulated and edited testimonies and court procedures to violate his rights. Plaintiff, however, fails to identify which alleged procedures or testimonies Gargas purportedly manipulated and/or edited.

Plaintiff fails to make any allegations against former Missouri Attorney General Eric Schmitt, the Missouri Court of Appeals, the Circuit Court of Dunklin County or "Other Individuals Responsible." However, he makes the claim that he wrote to the Missouri Office of Chief Disciplinary Counsel to report his generalized assertions of judicial and prosecutorial misconduct in 2017 and 2024. He asserts that he did not receive any resolution from that entity. He does not

6

indicate that he is suing the Missouri Office of Chief Disciplinary Counsel, which is an agency of the Missouri Supreme Court.

For relief in this action, plaintiff seeks damages.

### State Court Background

A review of Missouri Case.net[4] indicates that on December 22, 2015, plaintiff was charged by criminal complaint with felony domestic assault in the second degree. *See State v. Estes*, No. 15DU-CR01335 (35th Jud. Cir., Dunklin County Court).

The probable cause statement completed by Aaron Waynick, Deputy for the Dunklin County Sheriff's Department, on December 16, 2015, stated as follows:

> On 12/16/15 at approximately 11:39, I was dispatched to 101 Forrest Dr. in reference to a past tense domestic and to keep the peace while the victim got her things out of the house.
>
> When I arrived I met with the victim, Katie Estes. Katie told me that Matt hit her and slapped her again. Katie said Matt was outside cooking on the grill. Katie said she went outside to be with Matt while he was cooking. Katie said Matt got mad at her for being outside and asked her several times to go back inside. Katie said she finally did go back inside and she slammed the door when she did. Katie said Matt followed her and assaulted her several times, first by pushing her into the wall, then slapping her in the face, punching her in the face, choking her until she nearly passed out, throwing her to the floor and kicking her in the ribs. Katie said she is scared of Matt and that Matt has threatened to kill her in the past and told her the only way she is getting out of their marriage is through his shotgun barrel.

A Second Amended Information was filed on July 14, 2017, charging plaintiff with the same charge as that in the criminal complaint. *See State v. Estes*, No. 15DU-CR01335-01 (35th Jud. Cir., Dunklin County Court). Plaintiff was also charged as a prior and persistent offender in the Amended Information based on a 2009 guilty plea to felony tampering with a motor vehicle,

---

[4]Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville,* 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

as well as a 2006 guilty plea to felony burglary in the second degree. However, prior to trial on July 18, 2017, the State of Missouri filed a Third Amended Information charging plaintiff with misdemeanor domestic assault in the third degree. Plaintiff was found guilty by a jury of this charge on July 18, 2017. Plaintiff was sentenced to a term of imprisonment of one year in the Dunklin County Jail on August 17, 2017.

On April 28, 2016, plaintiff was charged by criminal complaint with felony assault in the first degree, felony child abuse and felony endangerment of a child. *See State v. Estes,* No. 16DU-CR00499 (35th Jud. Cir., Dunklin County Court). The probable cause statement completed by Christopher Faulkner, Officer for the Kennett Police Department, stated as follows:

> On 04/26/2016 Kennett Police Department received a call in reference to a child abuse case at the Piggott, AR. Hospital. The victim was 22 month old [MKC] (DOB 07/02/2014). [MKC] had facial contusions, and a fractured skull in three different places. [MKC] was airlifted to LeBonheur Children's hospital in Memphis, TN. The mother, Kari Muse, initially stated to Piggott hospital employees, that she put [MKC] to bed, and the next morning [MKC] had these injuries, and she had no idea how it happened. The only people in the residence that night was [MKC], Karie Muse, and her boyfriend, Matt Estes. According to Muse, Estes was alone with child for a short period of time that evening, as Muse ran an errand.

> An interview with Matt Estes' estranged wife was conducted on 04/27/2016. During the interview it was discovered that Matt Estes was physically abusive toward her, and their children.

An Information was filed in the case on September 20, 2016, charging plaintiff with the same charges as those in the criminal complaint. *See State v. Estes*, No. 16DU-CR00499-01 (35th Jud. Cir., Dunklin County Court). An Amended Information was filed on September 24, 2021, charging plaintiff with felony assault and felony abuse of a child.

After a jury trial on the matter on September 30, 2021, plaintiff was found guilty of both charges, and on December 21, 2021, he was sentenced to a total term of imprisonment of thirty

(30) years in the Missouri Department of Corrections. *See State v. Estes,* No. 16DU-CR00499-01 (35th Jud. Cir., Dunklin County Court).

Plaintiff appealed his conviction to the Missouri Court of Appeals, and the sentence was affirmed on February 1, 2023. *See State v. Estes*, 659 S.W.3d 655 (Mo.Ct.App. 2023). Plaintiff filed a post-conviction motion to vacate his conviction pursuant to Missouri Rule 29.15 on May 12, 2023. *See Estes v. State*, No. 23DU-CC00053 (35th Jud. Cir., Dunklin County Court). The matter is currently under advisement.

## Discussion

A review of plaintiff's allegations indicates that his claims against defendants are subject to dismissal. As noted above, the majority of plaintiff's claims in his complaint are time-barred, and the Court need not address those claims as a result.[5] Plaintiff's remaining claims, which are

---

[5]Even if the majority of plaintiff's claims were not time-barred, they would be subject to dismissal. For example, many of plaintiff's time-barred claims are against Kennett Police Officers or Police Officers employed by the Dunklin County Sheriff's Department. Because plaintiff failed to specify the capacity in which he sues the defendant police officers, the Court interprets the complaint as including only official capacity claims against those defendants. *See Egerdahl v. Hibbing Community College,* 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims."). A suit brought against a government official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In this case, plaintiff brings claims against Dunklin County Sheriff's Department employees as well as Kennett Missouri Police Officers. As such, plaintiff's official capacity claims against these defendants must be treated as claims against the governmental entities that employ them, Dunklin County and Kennett, Missouri. In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").Plaintiff fails to make any assertions against either Dunklin County or Kennett, Missouri in his complaint, and no allegations that could be construed as *Monell* claims. There are no claims of a constitutional violation by either Dunklin County or Kennett, Missouri resulting from any policy, custom, or deliberately indifferent failure to train or supervise. *See Monell*, 436 U.S. at 690–92 (describing a municipal liability claim). Merely listing a

brought against defendants in their official capacities only, relate to Judges Mayer and Spielman, who presided over his criminal cases that were ongoing after 2019, as well as Prosecutor Nicholas Jain. He also sues Missouri Federal Public Defenders William Butler, Justin Arentsen, Christian Lehmbery, Jedd Schneider and Christopher Janvier for failing to properly represent him in his prior criminal actions and/or appellate cases. Plaintiff also accuses the Clerk of the Circuit Court of Dunklin County, Paula Gargas, of violating his civil rights by allegedly manipulating and editing testimonies and court procedures.

Prior to reviewing plaintiff's substantive claims, the Court will address plaintiff's request to join additional plaintiffs in the present action.

**A. Plaintiff's Requests for Joinder of Additional Plaintiffs Will be Denied.**

In conjunction with his complaint, plaintiff filed a motion for joinder of additional plaintiffs. [ECF. No. 5]. He seeks to join ten (10) additional plaintiffs to this action. However, plaintiff fails to indicate the reason he seeks to join additional plaintiffs. Moreover, four (4) individuals have filed separate motions for joinder: (1) Benny Johnson; (2) David Stuerman; (3) Martin Shaw; and (4) David Madsen. [ECF Nos. 10-11,13-15].

Only movant Benny Johnson has filed a separate complaint listing his claims and defendants.[6] *See* ECF No. 13. However, none of the claims within Benny Johnson's complaint

---

defendant's name in a case caption is insufficient to support a claim against the defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in the caption)). As such, plaintiff's official-capacity claims against defendant police officers fail to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B). Furthermore, plaintiff's claims against the Kennett Police Department and the Dunklin County Sheriff's Department are also subject to dismissal. Municipal departments like the jails, sheriff's offices and police departments are not legal entities that can be sued under 42 U.S.C. § 1983. *See Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Accordingly, plaintiff cannot sustain a claim against these entities.

[6]Movants David Steurman and David Madsen have failed to include any allegations within their motions to join. Movant Martin Shaw has included a paragraph of allegations within his motion to join that relate

concern allegations within the instant action. Instead, the claims within Benny Johnson's complaint relate to what he perceives as constitutional errors in his 2021 criminal action in Dunklin County. *See State v. Johnson*, No. 17DU-CR00941-04 (35th Jud. Cir., Dunklin County Court).

Allowing plaintiff to include clams from additional plaintiffs such as Benny Johnson, David Stuerman, Martin Shaw and David Madsen in the present action would violate Federal Rules of Civil Procedure 18[7] and 20.[8] "Unrelated claims against different parties belong in different suits, ... [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

In *George,* 507 F.3d at 607, the Seventh Circuit Court of Appeals held that prisoner plaintiffs should be constrained by the Federal Joinder Rules not only "to prevent the sort of morass" produced by multi-claim, multi-defendant suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b), (g). Complaints like this one should be rejected, according to *George,* 507 F.3d at 607, either by severing the action into separate lawsuits or by dismissing improperly joined parties. *See*

---

to what he believes were constitutional violations during his incarceration in Mississippi County Jail in the year 2020.

[7]Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

A party asserting a claim to relief as an original claim, counterclaim, cross claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

[8]Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

Persons . . .  may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 21; *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844–45 (3rd Cir.2006); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir.2000); *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 682 (6th Cir.1988). As such, the Court will deny plaintiff's motion to join additional plaintiffs. The Court will strike and dismiss the motions for joinder brought by movants Benny Johnson, David Stuerman, Martin Shaw and David Madsen.

**B.  Plaintiff's Failure to Make Allegations Against Several of the Defendants is Fatal to His Claims for Relief Against these Defendants.**

Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

As noted above, plaintiff fails to make specific allegations against several defendants in this action including, former Missouri Attorney General Eric Schmitt, the Missouri Court of Appeals, the Circuit Court of Dunklin County or "Other Individuals Responsible." His failure to make allegations against these defendants is fatal to his claims against them. The Court will dismiss

12

defendant Schmitt, the Missouri Court of Appeals, the Circuit Court of Dunklin County and "Other Individuals Responsible" from this action.

**C. Plaintiff's Allegations Against Judges Mayer and Spielman, as well as Prosecutor Nicholas Jain. Fail to State a Claim.**

Plaintiff's conclusory allegations against Judges Mayer and Spielman for allegedly acting biased and corrupt in both his criminal action and a civil landlord-tenant action, are subject to dismissal, as Judges are entitled to judicial immunity.

Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.,* 931 F.3d 753, 760 (8th Cir. 2019). As such, plaintiff's allegations against Judges Mayer and Spielman are subject to dismissal.

Similarly, plaintiff's allegations against Prosecutor Thomas Jain, who plaintiff states should not have been allowed to prosecute him due to his prosecution for a DWI at the same time, is also subject to dismissal. Prosecutors are absolutely immune from civil rights claims based on actions taken within the scope of their duties in initiating a criminal prosecution and presenting the state's case at trial. *Imbler v. Pachtman,* 424 U.S. 409, 430–31 (1976). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the

13

presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). *See Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same).

In this case, plaintiff has not made any specific claims of bias or corruption relating to Prosecutor Jain. He merely believes that defendant Jain should not have been allowed to do his job while he was defending his own DWI claim. Because plaintiff has not alleged that Jain acted in any way that affected his duties as a prosecutor, the Court cannot say he is not entitled to absolute immunity. A prosecutor is immune from suit even if he knowingly presents false, misleading, or perjured testimony, or withholds or suppresses exculpatory evidence, and plaintiff has not alleged that Jain went so far as to do so in this case. *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Accordingly, plaintiff's allegations against Jain are subject to dismissal.

### D. Plaintiff's Claims Against his Missouri Public Defenders Are Subject to Dismissal.

Plaintiff accuses Missouri Federal Public Defenders William Butler, Justin Arentsen, Christian Lehmbery, Jedd Schneider and Christopher Janvier of failing to properly represent him in his prior criminal actions and/or appellate cases. Because plaintiff's defense attorneys did not act under of color of state law, they cannot be liable for any violation of plaintiff's constitutional rights under § 1983.

"The essential elements of a [42 U.S.C.] § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020). However, a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not

14

act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers,* 960 F.2d at 750 (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"). For the aforementioned reasons, plaintiff's allegations against the Missouri Public Defenders William Butler, Justin Arentsen, Christian Lehmbery, Jedd Schneider and Christopher Janvier are subject to dismissal.

### E. Plaintiff's Allegations Against Dunklin County Circuit Court Clerk Paula Gargas are Subject to Dismissal.

As noted above, plaintiff sues defendants in their official capacities only. As such, plaintiff's official-capacity claims against Circuit Court Clerk Gargas are "against the governmental entity itself," *see White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). In this case, plaintiff's claims are brought against the State of Missouri, which is immune from suit. *See Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987) (state courts as entities are not vulnerable to suits pursuant to 42 U.S.C. § 1983 because they are protected by Eleventh Amendment immunity); *see also Harris v. Missouri Court of Appeals, Western Dist.,* 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment"). Given this immunity, Gargas cannot be held liable and the claims against her are subject to dismissal.

Even if plaintiff had sued Circuit Clerk Gargas in her individual capacity, his claims would still be subject to dismissal. Plaintiff does not identify any specific misconduct by defendant Gargas. Rather, he states in a conclusory manner that Gargas violated his civil rights by allegedly manipulating and editing testimonies and court procedures. Nonetheless, plaintiff has failed to identify which "testimonies" have been edited by Gargas, and how court procedures were allegedly manipulated by the Circuit Clerk. These broad conclusory allegations—relating entirely to

15

defendant's supervisory role - are not entitled to a presumption of truth. *See Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir. 2002) (stating that the court is free to ignore unsupported conclusions).

**Conclusion**

Having thoroughly reviewed and liberally construed the complaint and the supplemental documents, the Court concludes that it is subject to dismissal because it is frivolous and/or fails to state a claim upon which relief may be granted. The Court can envision no amendment to the complaint that would cause it to state a plausible claim for relief. The Court will therefore dismiss this action at this time, without prejudice, and will decline to exercise supplemental jurisdiction over plaintiff's state law claims, such as those he wishes to bring under the Missouri Constitution and/or any Missouri State law. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must pay an initial filing fee of $32.59. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motions to supplement his complaint [ECF Nos. 6 and 12] are **GRANTED**.

**IT IS FURTHER ORDERED** that that this case is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that any state law claims brought by plaintiff in this action are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that plaintiff's motion for joinder of additional plaintiffs, [ECF No. 5] is **DENIED.**

**IT IS FURTHER ORDERED** that movant David Stuerman's motion to intervene and join this action [ECF No. 10] is **DENIED.**

**IT IS FURTHER ORDERED** that movant Benny Johnson's motions to intervene and join this action [ECF Nos. 11 and 13] are **DENIED**.

**IT IS FURTHER ORDERED** that movant Martin Shaw's motion to intervene and join this action [ECF No. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that movant David Madsen's motion to intervene and join this action [ECF No. 15] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's request to correct the docket to change defendant Chris Higgins' name to Johnny Higgins is **GRANTED.** The Clerk shall update the docket to reflect this change.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint with proposed summons [ECF No. 8] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's motion for production of documents [ECF No. 9] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED AS MOOT.**

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of September, 2024.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE