UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW T. ESTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-CV-00120 CDP |
| | ) | |
| MISSOURI COURT OF APPEALS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This closed case is before the Court on several post-dismissal motions filed by plaintiff Matthew Estes, an inmate at Eastern Reception Diagnostic and Correctional Center (ERDCC). [ECF Nos. 26, 27 and 29]. For the reasons discussed below, the motions will be denied.

**Background**

Plaintiff Matthew Estes initiated this action on June 17, 2024, by filing a civil action pursuant to 42 U.S.C. § 1983 against nineteen (19) defendants. [ECF No. 1]. In his complaint he asserted that he was pursuing damages for violations for "corruption, cruel and unusual punishment, neglecting duties," and violations of his First, Sixth and Fourteenth Amendment rights. *Id.* Plaintiff also pursued claims under the Missouri Constitution. *See id.*

On September 11, 2024, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, assessed an initial partial filing fee of $32.59 and determined the allegations asserted against defendants failed to state a claim for a variety of reasons. [ECF No. 21]. For example, the Court found that all claims within the complaint that arose prior to June 13, 2019, were time-barred.[1]

---

[1]While there is no statute of limitations contained within 42 U.S.C. § 1983, the Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011).

Additionally, the Court found that plaintiff's claims against the Kennett Police Department and the Dunklin County Sheriff's Department were also subject to dismissal, as plaintiff was unable to sustain a claim against these entities under § 1983. *See Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Furthermore, all claims against police officers employed by Kennett Police Department and Dunklin County Sheriff's Department were also subject to dismissal, as plaintiff was silent as to the capacity he was suing those officers, and plaintiff had failed to make any assertions against either Dunklin County or Kennett, Missouri in his complaint that could be construed as *Monell* claims. *See Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978) (describing a municipal liability claim). The Court found that plaintiff's allegations against several state court judges and prosecutors were subject to dismissal on the basis of judicial and prosecutorial immunity, respectively. The Court found that plaintiff's allegations against his public defenders were also subject to dismissal because they could not be said to act "under color of state law." Last, plaintiff's allegations against the Dunklin County Circuit Court Clerk were subject to dismissal because those claims were brought against the Clerk in her official capacity, and thus, the claims were against the State of Missouri, who was immune from suit. *Id.*

---

*See also Anderson v. City of Minneapolis,* 934 F.3d 876, 880 (8th Cir. 2019) (determining that statute of limitations for § 1983 case arising in Minnesota "comes from the state's personal injury statute"). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.,* 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992). Although plaintiff signed his complaint on June 12, 2024, he did not indicate the date he placed it in the prison mailing system at ERDCC. Nonetheless, the postmark on his envelope indicates it was mailed from ERDCC on June 13, 2024. Accordingly, any claims brought by plaintiff arising five (5) years prior to this date, or before June 13, 2019, are time-barred.

The Court additionally found that plaintiff's motion to join several additional plaintiffs to his lawsuit should be denied, as should the separate motions to intervene from four potential plaintiffs. [ECF No. 21]. The Court found that unrelated claims against different parties belonged in different lawsuits, particularly in pro se prisoner actions, where litigants must be required to pay the full filing fees under the Prison Litigation Reform Act. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 18 and 20.

On September 23, 2024, plaintiff filed three separate motions: (1) a motion for "Order to Dismiss the Order of Memorandum and Order/Opposing Court's Dismissal," which this Court interprets as a motion to reconsider the dismissal of this action; (2) a "Motion to Amend and Redact," which this Court interprets as a motion to amend the complaint; and (3) a "Motion to Proceed in Forma Pauperis on Appeal." The Court will examine each motion in turn.

## Motion to Reconsider

In plaintiff's motion to reconsider the dismissal of this action, he seeks not just a substantive review of the dismissal, but also a review of the assessment of the initial partial filing fee and a review of the denial of counsel. [ECF No. 26]. The Court will first address plaintiff's review of the assessment of the initial partial filing fee.

### 1. Plaintiff's Request to Review the Assessment of the Initial Partial Filing Fee

Plaintiff argues that the Court improperly counted his account balance when calculating his average monthly account for the last six months. He states that his average account "simply is not that [] balance. . .because one month will be different [than] the next month." In support of his request to reassess his initial partial filing fee, he has provided the Court with a new account statement. The new account statement provides additional months for review of plaintiff's account,

and it shows a significant decrease in the funds in his account. For this reason, the Court will reevaluate the initial partial filing fee.

A review of plaintiff's account indicates an average monthly deposit of $82.85 and an average monthly balance of $40.01. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $16.67, which is 20 percent of plaintiff's average monthly deposit.

## 2. Plaintiff's Motion to Reconsider the Dismissal

The Federal Rules of Civil Procedure do not authorize a motion to reconsider. *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993). Where a motion to reconsider is made in response to a final order within the time allowed, as here, it should be construed as a motion under Rule 59(e). *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). District courts have broad discretion in deciding whether to grant a motion under Rule 59(e). *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

4

Here, plaintiff does not assert that the Court made a manifest error of law or fact, nor does he present newly discovered evidence. Rather, plaintiff asserts, without support, that many of his arguments should not be time-barred. He further alleges that several of the claims in his complaint were "overlooked," but he fails to articulate which claims. Last, he purports that his life was destroyed in Dunklin County by a woman he was divorcing, but he was "misguided" by defense counsel when he was told not to get on the stand. Unfortunately, none of the grounds provided by plaintiff establish an entitlement to relief under Rule 59(e). Plaintiff's motion for reconsideration of the dismissal of this action is denied. Additionally, because plaintiff's case was dismissed, the Court will decline to reevaluate the denial of counsel in this matter.

### Plaintiff's Post-Dismissal Motion to Amend his Complaint

In addition to the motion to reconsider the dismissal of this action, plaintiff additionally filed a motion to amend his complaint. [ECF No. 27]. Although a district court "should freely give leave [to amend] when justice so requires, Fed. R. Civ. P. 15(a)(2), plaintiffs do not enjoy an absolute or automatic right to amend a deficient . . . [c]omplaint." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (internal quotation omitted). "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823. "Post-dismissal motions to amend are disfavored." *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1208 (8th Cir. 2010). Moreover, to preserve the right to amend the complaint, "a party must submit the proposed amendment along with its motion." *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (internal citation omitted) ; *see also* Case Management/Electronic Case Filing Procedures Manual, Sec. II.B. Plaintiff has not attached a proposed amended complaint to his motion to amend the complaint.

5

In situations like the one now before the Court, a post-dismissal motion for leave to amend "will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014). As discussed above, plaintiff has not established relief pursuant to Rule 59(e). To obtain relief under Rule 60(b), the moving party must show "'exceptional circumstances' warranting 'extraordinary relief.' " *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743 (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)). Plaintiff makes no attempt to show such circumstances here, nor does it appear such circumstances are indeed present.

### Motion to Proceed in Forma Pauperis on Appeal

Plaintiff filed a Notice of Appeal and motion to proceed in forma pauperis on in this case. [ECF Nos. 28 and 29]. On September 11, 2024, the Court dismissed this case pursuant to 28 U.S.C. 1915(e)(2)(B) for failure to state a claim. [ECF Nos. 21 and 22]. When the Court dismissed this action, it certified in writing that an appeal from the dismissal would not be taken in good faith. *See id.*; 28 U.S.C. § 1915(a)(3). As a result, plaintiff's motion for leave to proceed in forma pauperis on appeal will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to review assessment of the initial partial filing fee is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must pay an initial filing fee of $16.57. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

6

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to reconsider the dismissal of this action [ECF No. 26] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's post-dismissal motion to amend the complaint [ECF No. 27] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis on appeal [ECF No. 29] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff shall, within **thirty (30) days** of the date of this Order, either pay the $505 appellate filing fee or file a motion in the United States Court of Appeals for the Eighth Circuit for leave to proceed in forma pauperis.

**IT IS FINALLY ORDERED** that plaintiff shall file any future documents or pleadings in connection with his appeal directly with the United States Court of Appeals for the Eighth Circuit.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 9th day of October, 2024.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE